**FIORI v. ROTHENSIES, Collector of Internal Revenue.**
**In re CICCONE.**
**No. 6648.**

Circuit Court of Appeals, Third Circuit.
Oct. 26, 1938.

Irving I. Spector, of Philadelphia, Pa., for appellant.

J. Cullen Ganey, U. S. Atty., of Bethlehem, Pa., and Thomas J. Curtin, of Philadelphia, Pa., for appellee.

Before THOMPSON and BIGGS, Circuit Judges, and MARIS, District Judge.

PER CURIAM.

This is an appeal from a decree of the District Court for the Eastern District of Pennsylvania. The appellant is a creditor in the bankrupt estate of Joseph Ciccone. The appellee, Collector of Internal Revenue, had filed proof of debt in the bankruptcy proceedings for income tax amounting to $1,127.54 and claimed priority for this amount. Before the referee the Collector introduced a proof of debt, an assessment which had been made, and assessment lists certified by the Commissioner of Internal Revenue. An Internal Revenue agent testified from the Department's records that the tax was for a deficiency assessed in 1933 for the year 1930. The appellee also introduced in evidence Form No. 870 signed by the bankrupt consenting to the assessment. The agent who made the assessment was dead and the bankrupt's books containing the 1930 records were missing, so that the appellee was unable to produce the evidence upon which the assessment was made. The referee allowed the claim and was sustained by the District Court.

We think that proof of the assessment list with the accompanying certificate of the Commissioner was sufficient to establish a prima facie case that the tax assessed was due. United States v. Rindskopf, 105 U.S. 418, 26 L.Ed. 1131; Western Express Co. v. United States, 8 Cir., 141 F. 28. The appellant not only failed to overcome this prima facie case but in fact presented evidence which had the effect of supporting the government's claim.

The decree is affirmed.