UNITED STATES v. FIDELITY & CAS-
UALTY CO. OF NEW YORK.

No. 7378.

Circuit Court of Appeals, Third Circuit.

Nov. 4, 1940.

J. Cullen Ganey, U. S. Atty., and J. Lawrence Grim, Asst. U. S. Atty., both of Philadelphia, Pa. (Julian R. Eagle and Aaron D. Hockstein, both of Philadelphia, Pa., Attys., Alcohol Tax Unit, of counsel), for appellant.

Robert G. Kelly, George E. Beechwood, and Conlen, LaBrum & Beechwood, all of Philadelphia, Pa. (George F. Blewett, of Philadelphia, Pa., of counsel), for appellee.

Before MARIS, JONES, and GOODRICH, Circuit Judges.

JONES, Circuit Judge.

The question which this appeal presents is whether the federal tax on fermented liquors may be assessed upon the basis of the materials received and used in the manufacture thereof where there is evidence that the manufacturer intentionally failed to report the whole of such materials and that the tax paid did not reflect the beer which the unreported materials produced or were capable of producing.

The suit is by the United States against the surety on the brewer's bond, which was given and conditioned as required by law. R.S. § 3336, now contained in 26 U.S.C.A.

Int.Rev.Code, § 3155(b). Admittedly the additional tax assessed on the basis of the materials received and used has not been paid. No question is here involved as to the surety's liability for the unpaid tax if the assessment thereof against the brewing company is valid.

The case was tried to the court below without a jury. The plaintiff offered in evidence two assessments of tax which together made up the amount of the plaintiff's claim. The defendant objected to the assessments on the ground that they were illegal as disclosed of record by an answer of the plaintiff to interrogatories filed by the defendant prior to trial pursuant to Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following § 723(c). The particular answer set forth that the assessments were based upon the brewery's "clandestine receipt and usage" of certain specified quantities of brewing materials "and the average production experience, of this brewery, of a barrel of beer to a bushel of malt".

The Act of May 13, 1876, c. 19, 19 Stat. 53, now contained in 26 U.S.C.A. Int.Rev. Code, § 3150(c), provides that,—"Nothing contained in section 3155(c) shall be so construed as to authorize an assessment upon the quantity of materials used in producing or purchased for the purpose of producing, fermented or malt liquors, nor shall the quantity of materials so used or purchased be evidence, for the purpose of taxation, of the quantity of liquor produced; but the tax on all beer, lager beer, ale, porter, or other similar fermented liquor, brewed or manufactured, and sold or removed for consumption or sale, shall be paid as provided in paragraph (1) of subsection (b), and not otherwise: Provided, That this subsection shall not apply to cases of fraud: And provided further, That nothing in this subsection shall have the effect to change the rules of law respecting evidence in any prosecution or suit."

Section 3155(c) of 26 U.S.C.A. Int.Rev. Code (R.S. § 3337), referred to in the above-quoted provision, requires that a manufacturer of beer or other similar fermented liquors shall cause to be entered in a book, from day to day, the kind of such malt liquors, the estimated quantity produced in barrels and the actual quantity sold or removed for consumption or sale in barrels or fractions thereof. The section also requires that a manufacturer shall

cause to be entered, from day to day, in a separate book "an account of all materials by him purchased for the purpose of producing such fermented liquors, including grain and malt". The manufacturer is further required to report monthly to the Collector of Internal Revenue the accounts shown by these books which shall be open at all times for the inspection of the Collector or his agent, who may take memoranda or transcripts therefrom.

The trial court construed the phrase "cases of fraud" in the proviso of Section 3150(c) (Act of May 13, 1876, supra) to mean suits or causes where fraud is "the gist of the action" as distinguished from cases where fraud is but an incident to the enforcement of a right. Accordingly, the trial court concluded that the Act of May 13, 1876, was applicable to an assessment of the tax on fermented liquors regardless of the taxpayer's fraud in seeking to avoid it, and that the assessments upon which the plaintiff relied were, therefore, invalid. With the assessments gone, the plaintiff's claim fell and, on the defendant's motion, the court dismissed the action.

■■ It is our opinion that "cases of fraud", as used in the statute (Act of May 13, 1876, c. 95, 19 Stat. 53), was intended to mean instances of fraud such as circumstances or occurrences in connection with the brewer's account and report of materials received and used by him or in his payment of a tax on the reported product which indicate fraudulent purpose and action. There is no occasion to limit the word "cases" to its narrow or technical legal meaning. The statute makes no such requirement. The word is, therefore, to be given its common significance. Pickhardt v. Merritt, 132 U.S. 252, 10 S.Ct. 80, 33 L.Ed. 353; Harder v. Irwin, D.C., 285 F. 402. The "general rule for the interpretation of public laws" requires that the words of a statute be given their "popular or received import". Maillard v. Lawrence, 16 How. 251, 261, 14 L.Ed. 925; Deputy, Administrator, et al. v. DuPont, 308 U.S. 488, 493, 60 S.Ct. 363, 84 L.Ed. 416. Thus considered, the Act of May 13, 1876, requires that an assessment of the tax on fermented liquors shall not be based upon the quantity of material received and used in their manufacture unless there be fraud in the brewer's accounting for such materials, in which event the prohibition in the Act of May 13, 1876, with respect to the basis for the assessment of a tax on

the product, is not applicable and the practice otherwise obtaining under the law may then be followed. It is not open to question that, except for the Act of May 13, 1876, assessments of the tax on fermented liquors may be based on the quantity of materials received and used in their manufacture.

■ At the time of the passage of the Act of May 13, 1876, the tax on fermented liquors was imposed by the Act of July 13, 1866, c. 184, § 48, 14 Stat. 164. This act became § 3339 of the Revised Statutes, and, as thereafter amended merely with respect to the amount of the tax and its applicability to fractional barrels of product, it is still in force. 26 U.S.C.A. Int.Rev. Code, § 3150(a). Although neither the Act of July 13, 1866, nor any of the amendments thereto expressly authorized the imposition of the tax on fermented liquors on the basis of the materials received and used in their manufacture, in cases of evident discrepancy, assessments made on that basis had been sustained. Dandelet v. Smith, 18 Wall. 642, 85 U.S. 642, 647, 21 L.Ed. 758; Bergdoll v. Pollock, 95 U.S. 337, 340, 24 L.Ed. 512. While the decision in the Bergdoll case came shortly after the passage of the Act of May 13, 1876, that act was not there involved as the tax for which recovery was sought in the Bergdoll case had been assessed and collected under the law as it had existed prior to the Act of May 13, 1876. None the less the Bergdoll case confirms the validity otherwise, except for the Act of May 13, 1876, of an assessment of the tax on fermented liquors based on the quantity of materials received and used in their manufacture, as had theretofore been established in the Dandelet case. It is therefore apparent that such assessments are valid except in so far as they are inhibited by the Act of May 13, 1876. But the effect of the proviso in that act is to nullify the prohibition against assessments based on the quantity of materials used where there are instances or acts of fraud. And the intentional and deliberate omission of material facts from an account or report required by law constitutes fraud within the meaning of the internal revenue laws. White v. United States, D.C., 20 F.Supp. 623.

■■ The legislative history and purpose of the Act of May 13, 1876, confirms the conclusion that where the Commissioner of Internal Revenue has evidence that

478

the materials received and used by a brewer produced or should have produced a quantity of beer greater than that upon which a tax was paid, the Act of May 13, 1876, does not apply and the Commissioner may thereupon make an assessment of the tax upon the basis of the quantity of materials actually received and used. Congressional Record of March 31, 1876, 44th Congress, 1st Session (House), Vol. IV, Part III, p. 2123; Congressional Record of April 18, 1876, 44th Congress, 1st Session (Senate), Vol. IV, Part III, pp. 2535-2537. As an aid in resolving any doubt that may possibly exist as to the meaning of the statute recourse may be had to the relevant proceedings in Congress attending its passage. United States v. Shreveport Grain & Elevator Co., 287 U.S. 77, 83, 53 S.Ct. 42, 77 L.Ed. 175; United States et al. v. Missouri Pacific Railroad Company, 278 U. S. 269, 278, 49 S.Ct. 133, 73 L.Ed. 322.

Under the facts shown in the present case, the assessments were valid and should have been received in evidence. Thus, the plaintiff would make out a prima facie case which it would be the defendant's burden to overcome by countervailing proof. Fiori v. Rothensies, 3 Cir., 99 F.2d 922; Rieck v. Heiner, 3 Cir., 25 F.2d 453, 454; Germantown Trust Co. v. Lederer, 3 Cir., 263 F. 672, 676. As the trial court's rejection of the assessments precluded the introduction of the defendant's case, we are not in position in the state of the record to make an order finally disposing of the matter.

Accordingly, the order of the District Court is reversed and the cause is remanded for a new trial.