UNITED STATES of America,
Appellant,

v.

Joseph X. STREBLER, Appellee.

No. 17088.

United States Court of Appeals
Eighth Circuit.

Feb. 15, 1963.

Stephen B. Wolfberg, Atty., Tax Division, Dept. of Justice, Washington, D. C., made argument for appellant and Louis F. Oberdorfer, Asst. Atty. Gen., Washington, D. C., Lee A. Jackson, George F. Lynch, and Stephen B. Wolfberg, Attys., Dept. of Justice, Washington, D. C., together with D. Jeff Lance, U. S. Atty., St. Louis, Mo., were on the brief.

Joseph X. Strebler, appellee was not represented by counsel and did not file brief.

Before VOGEL, BLACKMUN and RIDGE, Circuit Judges.

RIDGE, Circuit Judge.

Appellee, as president of Strebler and Landvatter, Inc., executed on behalf of that corporation and filed with the Collector of Internal Revenue at St. Louis, Missouri, an "Employer's Quarterly Federal Tax Return" (U.S. Treasury Form 941) showing a tax liability on the part of the corporation of $14,593.40, for Income and Social Security Taxes withheld from its employees' wages for the quarter ending December 31, 1950. Concededly, the corporation at that time had sufficient funds in its bank account with which to pay the entire amount of the taxes due the Government as shown by that return, but not sufficient money in the bank to pay all its other current obligations. Therefore, appellee sent a check to the District Collector of Internal Revenue for only $2,593.40, along with the above quarterly return. Subsequently other payments made in respect to the above return reduced the amount due the Government thereon to $7,288.46.

██ On February 23, 1954, the District Director made a personal assessment of tax against appellee in the above amount pursuant to the provisions of § 2707(a) and (d) of the Internal Revenue Code of 1939. Appellee failing to pay such assessment, the instant action was commenced to enforce collection thereof. Appellee demanded a jury trial which resulted in a verdict in his favor. It is from the judgment entered on such verdict that the Government prosecutes the instant appeal, claiming error on the part of the District Court for denying its motion for a directed verdict and motion for judgment in its favor notwithstanding the verdict.[1]

██ It is the Government's primary contention that in the light of appellee's own testimony and other uncontradicted evidence adduced at the trial of this case, establishing that appellee was the responsible person who had the duty to pay over the F.I.C.A. and Income Taxes withheld by Strebler and Landvatter, Inc. from its employees' wages, (2707(a) and (d) I.R.C.1939) and that his failure to do so was "willful",[2] the District Court erred in entering judgment on the verdict of the jury as returned. A secondary point raised relates to claim of error in the giving of instructions by the District Court which the Government asserts compels granting it a new trial if the contention as to its n. o. v. motion is not sustained. Ruling on the latter matter is pretermitted in light of the disposition hereinafter made of this appeal.

Appellee in the case at bar has not favored us with any brief or record in addition to that filed by the Government. He personally appeared at oral argument and simply stated: * * * "I rely on the jury's verdict!" Hence we have been called upon to search the printed record on appeal for some evidence which appellee might claim to sustain his verdict. After carefully doing so, we are of the opinion that no substantial evidence can be found in the record before us to sustain the verdict.

██ At the trial of the case at bar the Government introduced evidence by way of a "Certificate of Assessment" which revealed appellee's liability for the amount of taxes claimed. The law is that such assessment is presumptively correct; and "the burden is on the taxpayer to overcome this presumption" by

---

1. Questions of law raised by such motions are the same. Shaw v. Edward Hines Lumber Co., 249 F.2d 434 (7 Cir., 1957). This Court has stated that a motion for directed verdict or judgment notwithstanding the verdict should be granted if there is no substantial, i. e. not more than a mere scintilla of evidence to sustain the verdict. Roth v. Swanson, 145 F.2d 262 (8 Cir., 1944); Bradford-Ken-

nedy Co. v. Fred G. Clark Co., 43 F.2d 675 (8 Cir., 1930).

2. "Willfully" as found in 2707(a) I.R.C. 1939 and referred to in this opinion, connotes only "voluntary and intentional action" as contrasted with "accidental" (Stanton v. Machiz, 183 F.Supp. 719 (D. C.Md.1960)) or done "without reasonable cause." Frazier v. United States, 304 F. 2d 528 (5 Cir. 1962).

countervailing proof. Paschal v. Blieden, 127 F.2d 398, 401 (8 Cir., 1942) and cases therein cited. Accord, United States v. Rindskopf, 105 U.S. 418, 26 L.Ed. 1131; Niles Bement Pond Co. v. United States, 281 U.S. 357, 50 S.Ct. 251, 74 L.Ed. 901 (1930); Lewis v. Reynolds, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293.

■ Appellee did not adduce any evidence contesting the amount of the assessment as made, nor the Government's assertion that failure of the party responsible to pay over the amount of taxes withheld was not "willful". His sole contention at the trial was that he was not the officer or employee of the corporation who was under a duty to pay over the withheld Income and F.I.C.A. Taxes in question. Appellee, solely by oral testimony, sought to prove that, at the time the Company failed to pay over the taxes, one John Kirk (who was the president of a bank that was one of the company's principal creditors), along with the bookkeeper, Frank X. Muehlbauer, in the employ of Strebler and Landvatter, Inc., were the ones who made the financial decisions as to which bills due and owing by that company were to be paid and when. It was on that singular oral assertion by appellee that control of that company's financial affairs was in others, that he sought to avoid the tax obligations here in question. This notwithstanding the by-laws of Strebler and Landvatter, Inc. established it was appellee's duties as "president (and) chief executive of the corporation (who was to) have general supervision over the general policy, affairs and finances of the corporation" and all the other competent evidence in the record established that he personally exercised such authority and control of that company's financial affairs.

Particularly, it was established without contradiction that appellee, as President of that corporation, and his wife, as Secretary thereof, were persons authorized to jointly sign checks on the company's bank account. Further, it was uncontradicted that when the "Form 941" return, supra, was prepared by the company's bookkeeper appellee took it from the bookkeeper and said to him: "I'll handle this, personally." Concededly, appellee signed that "Employer's Quarterly Federal Tax Return" and mailed or caused it to be mailed, along with a check to the District Director of Internal Revenue for only a part of the tax due. He signed all tax returns made by the company. He personally negotiated financial loans made to Strebler and Landvatter, Inc. The only inference from the record here is that he was wholly delegated the authority to act as a fiscal manager of that company's affairs and he did so act.

Appellee's oral statements that he was not the person with authority "to pay, collect, (and) truthfully account for and pay over the tax" in question is so equivocal, implausible, and insubstantial, in the light of the entire record here, we do not consider it to amount to a scintilla of evidence. We think it is sufficient to say, without verbatim recital, that what appellee attempted to develop thereby was not in contradiction of other record evidence and uncontradicted testimony of the vice president and bookkeeper of the corporation, to the effect that he (appellee) was the person responsible for payment over to the Government of Income and F.I.C.A. Taxes withheld by Strebler and Landvatter, Inc. His testimony, fairly considered, merely developed extenuating circumstances because of the precarious financial condition of the company, as to why the amount of the tax as shown by the return he had executed as its president, was not remitted in full. However, his testimony in that respect, reasonably considered, reveals that other debts of the company were preferred and paid by checks signed by him when he knew that the company's obligation to pay the amount of Income and F.I.C.A. Taxes withheld from its employees' wages had not been paid.

■ Under Section 3661, I.R.C.1939 such withheld taxes constituted a "fund in trust for the United States." Cf. Hercules Service Parts Corp. v. United States, 202 F.2d 938 (6 Cir., 1953). The

only reasonable inference to be made from this record is that as the responsible officer of the corporation he decided not to have the corporation pay over such trust fund; and, that "was a voluntary, conscious and intentional act" on his part "to prefer other creditors of the corporation over the United States." Bloom v. United States, 272 F.2d 215 (9 Cir., 1959), cert. den. 363 U.S. 803, 80 S.Ct. 1236, 4 L.Ed.2d 1146.

Applicable law to be considered in determining appellee's liability for the assessment of the taxes here in question is with keen judicial acumen, enlightenment and understanding stated by Judge Jertberg, speaking for the Ninth Circuit, in the case of Bloom v. United States, supra. The similarity of facts and appellee's contention in the case at bar with those stated in the Bloom case and the rulings therein made, have such a sameness, we can perceive no useful purpose being served for us to reiterate applicable law as declared by the Ninth Circuit in that opinion. Certainly if this opinion can be shortened by adherence to sound precedents we should not attempt to paraphrase the same. Therefore, we note our likemindedness of the law as declared by the Ninth Circuit in the Bloom case, supra, in relation to an assessment made under Section 2707(a) and (d) of the Internal Revenue Code of 1939, and assert controlling law of appellee's liability to the Government in the case at bar to be as therein declared. In accord: see Frazier v. United States, 304 F.2d 528 (5 Cir., 1962) Stanton v. Machiz, supra. Cf. Wilson v. United States, 250 F.2d 312 (9 Cir., 1958).

■ Appellee in the case at bar "not only failed to overcome the prima facie case made by the Government's evidence but, in fact, presented evidence which had the effect of supporting the Government's claim." Fiori v. Rothensies, Collector etc., 99 F.2d 922 (3 Cir., 1938). Though appellee was entitled to have the District Court "view the evidence and all reasonable inferences that may be drawn therefrom in the light most favorable" to him, (Shaw v. Edward Hines Lumber

Co., 249 F.2d 434, 439) he "was not entitled to the benefit of unreasonable inferences" as made by the jury from the evidence in the case at bar. Chicago and North Western Railway Co. v. Strand, 300 F.2d 521 (8 Cir., 1962).

The judgment appealed from is reversed and this cause is remanded to the District Court, with direction to enter judgment in favor of the Government in accordance herewith.