Emil HORWITZ, Plaintiff,

v.

UNITED STATES of America,
Defendant.

United States District Court
S. D. New York.

June 1, 1964.

Friedman & Friedman, New York City, for plaintiff, Hyman R. Friedman, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty., for United States, Bruno Lederer, Asst. U. S. Atty., of counsel.

LEVET, District Judge.

The plaintiff, Emil Horwitz, seeks by this action to recover penalties alleged to have been erroneously and illegally assessed against him pursuant to Section 2707(a), Int.Rev.Code of 1939.[1] Penalties equal to 100% of the employees' withheld income taxes and Federal Insurance Contribution Act (F.I.C.A.) taxes which were not paid over to the United States by Berger Hosiery Co., Inc. for the first quarter of 1951 and the second quarter of 1952, and by Berger Hosiery Stores, Inc. for the second quarter of 1952 were assessed against the plaintiff in the amount of $2,099.14.

After hearing the testimony of the parties, examining the exhibits, the pleadings, the briefs and the proposed findings of fact and conclusions of law submitted by counsel, this court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. The plaintiff was President of Berger Hosiery Co., Inc. and Berger Hosiery Stores, Inc. during the first quarter of 1951 and the second quarter of 1952. Plaintiff, as owner of the voting stock of both corporations, was in complete control and was their only active officer. (9, 31–32, 101)[2]

2. The corporations conducted a retail hosiery business with 19 stores located in 16 cities. Corporate checking accounts were maintained in each city in the name of the store as well as in New York, where the corporations maintained their principal office. Plaintiff was the only person authorized to sign checks for all of these accounts. (31)

3. Plaintiff signed all corporate income tax returns and withholding tax returns on behalf of the corporations. (35–36)

4. During the relevant periods plaintiff devoted his entire working time to the affairs of these corporations and had no outside business interests. (Ex. O, p. 12) Plaintiff travelled to the stores continuously. While on the road he was in daily telephone contact with the New York office and made decisions as to which bills should or should not be paid. (50–52)

5. On May 15, 1952, Berger Hosiery Co., Inc. filed a petition in this court under Chapter XI of the Bankruptcy Act. In that proceeding the government's Proof of Claim for unpaid withholding and F.I.C.A. taxes in the amount of $34,330.81 was allowed in full, but was satisfied only to the extent of $551.67. The $551.67 was credited to the outstanding liability of Berger Hosiery Stores, Inc. and Berger Hosiery Co., Inc. (43)

---

1. Section 2707(a), Int.Rev.Code of 1939, provides:

   "Any person who willfully fails to pay, collect, or truthfully account for and pay over the tax imposed by section 2700(a), or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty of the amount of the tax evaded or not paid, collected, or accounted for and paid over, to be assessed and collected in the same manner as taxes are assessed and collected. * * *"

   Section 2707(a) is made applicable to withheld income and F.I.C.A. taxes by Sections 1430 and 1627 of Int.Rev.Code of 1939. Section 6672, Int.Rev.Code of 1954, is similar to Section 2707(a).

2. All numerical references, unless otherwise indicated, are to the stenographer's minutes of the trial.

6. Prior to the bankruptcy proceedings, funds were available with which the United States could have been paid, but other creditors were favored over the United States. (See Exhibits I and J) As of May 15, 1952, rentals on some of the stores were current through April, as was the rental on the New York office, thus indicating that landlords were favored over the United States. (Ex. H, Ex. O, p. 13) As of May 15, 1952, all wages were also current (Ex. G, Schedule A-1; 57) and at various times in 1951 and 1952 repayments of loans were made to Royal Industrial Bank. (93, 94)

7. Since plaintiff signed all corporate checks and tax returns and made decisions as to which bills should and should not be paid, I find that the plaintiff willfully failed to pay over the monies owing to the United States. Plaintiff's testimony that all taxes were paid is completely unsubstantiated and is contradicted by the fact that the government's proof of claim in the bankruptcy proceedings was allowed in full. (Exs. E and F)

## DISCUSSION

The term "willfully" as used in Section 2707(a), Int.Rev.Code of 1939, means intentionally, knowingly and voluntarily. Neither fraud nor bad motives are necessary to the imposition of liability for penalties upon a corporate officer. Bloom v. United States, 272 F.2d 215 (9th Cir. 1959), cert. denied 363 U.S. 803, 80 S.Ct. 1236, 4 L.Ed.2d 1146 (1960); Frazier v. United States, 304 F.2d 528 (5th Cir. 1962); Schweitzer v. United States, 193 F.Supp. 309 (D.Neb.1961). Since fraud is not an element of liability under Section 2707(a), the burden of proof on the question of willfulness, as upon all other elements in this case, is upon the plaintiff. Kellems v. United States, 97 F.Supp. 681 (D.Conn.1951); Schweitzer v. United States, supra.

It is basic in actions for refund of taxes that the Commissioner's determination is presumed to be correct and the burden of proof is upon the plaintiff to establish error. United States v. Strebler, 313 F.2d 402 (8th Cir. 1963). Here, the plaintiff has failed to prove his case. The evidence amply supports the Commissioner's determination that the plaintiff was a person under a duty to collect and pay over the withheld monies and that his failure to do so was willful.

## CONCLUSIONS OF LAW

1. This court has jurisdiction over this action by virtue of 28 U.S.C. § 1346 (a) (1).

2. Plaintiff has the burden of proving that the Commissioner's determination was erroneous and that plaintiff's conduct was not willful. United States v. Strebler, 313 F.2d 402 (8th Cir. 1963); Kellems v. United States, 97 F. Supp. 681 (D.Conn.1951).

3. Plaintiff, as President, chief executive officer and controlling shareholder of Berger Hosiery Co., Inc. and Berger Hosiery Stores, Inc., was the person under a duty to "collect," "truthfully account for" and "pay over" the withheld income and F.I.C.A. taxes within the meaning of Section 2707(a) and (d), Int.Rev.Code of 1939. Bloom v. United States, 272 F.2d 215 (9th Cir. 1959), cert. denied 363 U.S. 803, 80 S.Ct. 1236 (1960).

4. Plaintiff's failure to cause the payment to the United States of the taxes here at issue was willful within the meaning of Section 2707(a), Int.Rev. Code of 1939.

5. Pursuant to the concession made at trial, a judgment will be entered awarding to plaintiff the sum of $90.00 plus interest. (24) In all other respects the complaint is dismissed with prejudice and costs to the defendant.

Settle order on notice.