Emil **HORWITZ**, Plaintiff-Appellant,

v.

**UNITED STATES** of America,
Defendant-Appellee.

No. 246, Docket 29255.

United States Court of Appeals
Second Circuit.

Argued Dec. 15, 1964.

Decided Jan. 7, 1965.

Hyman L. Friedman, New York City (Friedman & Friedman, New York City), for appellant.

Bruno Lederer, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty. for Southern District of New York, Lawrence Vogel, Asst. U. S. Atty., Joseph Kovner, Atty., Department of Justice, of counsel), for appellee.

Before FRIENDLY, HAYS and MARSHALL, Circuit Judges.

PER CURIAM.

Plaintiff brought an action in the district court for the refund of a 100% penalty assessed and levied against him in the amount of $2,099.14 pursuant to Section 2707(a) of the Internal Revenue Code of 1939.[1] The district court found

---

1. "Any person who willfully fails to pay, collect, or truthfully account for and pay over the tax imposed by section 2700(a), or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty of the amount of the tax evaded, or not paid, collected, or accounted for and paid over, to be assessed and collected in the same manner as taxes are as-

that the plaintiff was the sole active officer, as well as sole owner of the voting stock, of two corporations with retail sales operations in sixteen cities directed from a New York office; that he made all decisions as to payment of corporate bills, including tax liabilities, and that he willfully failed to pay over the income taxes and Federal Insurance Contributions Act taxes withheld from the wages of the corporations' employees for the first quarter of 1951 and the second quarter of 1952. The district court dismissed the complaint for refund of the penalty except to the extent of $90.00 which was conceded to have been erroneously collected. We affirm.

■■ The Government presented sufficient evidence from which the trial court could reasonably find that the plaintiff had knowledge that the withheld tax monies were owed and unpaid and that he preferred other creditors over the Government. The Government also proved, by evidence of plaintiff's conceded day-to-day control, that he was the person responsible for supervising the payment of tax liabilities and that the penalty was correctly assessed against him. See Flan v. United States, 326 F.2d 356 (7th Cir. 1964). The plaintiff who had the burden of proof as to the amount of the assessment failed to show that the amount assessed by the Commissioner was unreasonable. See Bull v. United States, 295 U.S. 247, 260, 55 S.Ct. 695, 79 L.Ed. 1421 (1935); Veino v. Fahs, 257 F.2d 364, 367 (5th Cir. 1958).

■ The plaintiff's alternative argument—that $551.67 paid to the Government in a Chapter XI proceeding as a dividend toward the Government's claim of $34,330.81 should be credited against the deficiencies for the particular tax periods here in question—is likewise without merit.

Affirmed.

FRIENDLY, Circuit Judge (concurring):

sessed and collected. No penalty shall be assessed under this subsection for any of-

I concur. I do not understand the opinion to disapprove Judge Levet's conclusion that the taxpayer had the burden with respect to all elements of the case. See, *accord*, Chief Judge Hincks' opinion in Kellems v. United States, 97 F.Supp. 681, 686 (D.Conn.1951).

fense for which a penalty may be assessed under authority of section 3612."