Joseph **MELILLO**, Plaintiff,

v.

**UNITED STATES** of America,
Defendant and Third-Party
Plaintiff,

v.

Salvatore **PISCELLA**, August Cognetta,
Antoinette Cognetta, Third-Party
Defendants.

No. 62–C–260.

United States District Court
E. D. New York.

May 14, 1965.

Noah Seedman, Brooklyn, N. Y., for plaintiff.

Joseph P. Hoey, U. S. Atty., Eastern District of New York, for defendant and third-party plaintiff.

Louis F. Oberdorfer, Asst. Atty. Gen., C. Moxley Featherston, David A. Wilson, Jr., Herman Wilson, Attorneys, Department of Justice, Washington, D. C., Noah Seedman, Brooklyn, N. Y., for third-party defendants, August Cognetta and Antoinette Cognetta.

ZAVATT, Chief Judge.

This is an action for the refund of $2,047.96 assessed against the plaintiff pursuant to Sections 6671 and 6672 of the Internal Revenue Code of 1954,[1] and

---

1. "§ 6671. Rules for application of assessable penalties

    *     *     *     *     *

(b) Person defined.—The term 'person', as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs. Aug. 16, 1954, 9:45 a.m., E.D.T., c. 736, 68A Stat. 828."

"§ 6672. Failure to collect and pay over tax, or attempt to evade or defeat tax

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable. Aug. 16, 1954, 9:45 a.m., E.D.T., c. 736, 68A Stat. 828."

collected from him by the United States (hereinafter defendant). By an order of this court dated February 7, 1963, the defendant was permitted to implead Salvatore Piscella, August Cognetta and Antoinette Cognetta as third party defendants against whom identical assessments had been made and remain unpaid. August and Antoinette Cognetta were served, answered and took part in the trial.[1a] After a trial to the court, it is the finding of this court that the plaintiff has failed to prove by a preponderance of the evidence that he was not a person whose duty it was to collect and pay over taxes withheld from the wages of employees of Ruvolo's Bakery Inc. during the last two quarters of 1957 or that he did not willfully fail to comply with that duty. The evidence shows that the plaintiff and August Cognetta were such persons and that they willfully failed to perform said duty.

Ruvolo's Bakery Inc. was engaged in the business of operating a bakery at 304 Fifth Avenue, Brooklyn, New York, during the last two quarters of 1957 and for several years prior thereto. All of the corporate stock was owned by one Ralph J. Nasta. In late 1956, Nasta entered into an agreement with Salvatore Piscella who agreed to make certain improvements in the premises and to install additional equipment for expanded operations, at his own cost and expense, in return for a one-half interest in Ruvolo's Bakery Inc. Although there was testimony to the effect that an informal memorandum of this agreement was reduced to writing, the memorandum was not produced at the trial. Furthermore, it appears that Piscella did not pay for the improvements made or the additional equipment purchased and installed; that these expenses were borne by Nasta. In April of 1957, just prior to the grand opening of the expanded operation, Piscella introduced the third party defendant, August Cognetta, to Nasta as his partner in the enterprise. It appears

that the agreement to sell 50% of the stock was not finalized; that Nasta did not deliver the stock to either Piscella or Piscella and August Cognetta. Difficulties arose among the parties (Nasta, Piscella and August Cognetta) and in June or July of 1957 Nasta orally offered to sell the balance of his interest in the business to Piscella and Cognetta; vacated the premises, leaving the details of the sale to be worked out at a later date. The plaintiff came into the picture sometime in July of 1957 when Cognetta asked him to join in buying the business.

On August 29, 1957, a written purchase and sale agreement covering all of the stock of Ruvolo's Bakery Inc. was entered into between Ralph J. Nasta and Ruvolo's Bakery Inc. (as sellers) and Antoinette Cognetta (acting for her husband, the third party defendant, August Cognetta) and Joseph Melillo (as purchasers). The agreement called for a down payment of $5,000 to Nasta, the execution and delivery to Nasta of $18,600 in negotiable promissory notes and the assumption by the purchasers of certain obligations incurred by Nasta on behalf of Ruvolo's Bakery Inc. In return, Nasta agreed to sell all of the outstanding shares of the capital stock of Ruvolo's Bakery Inc. to Antoinette Cognetta and the plaintiff. A supplemental agreement was executed on September 10th which covered the manner in which the down payment would be accomplished, and also provided that the purchasers would pay to Nasta Realty Corp., the owner of the building, the rent for the months of July, August and September 1957. All the witnesses agreed that the sale was never consummated although they blame different parties for the default.

Although the plaintiff and August Cognetta claim to be purely innocent prospective purchasers who never had anything to do with the business, the evidence is to the contrary. It was stipulated in open court that there was no question as to the fact of the assessment

---

1a. The third party defendant, Salvatore Piscella (named in the third party complaint as Salvatore Piscello), was not served.

or the amount thereof. On August 16, 1957, plaintiff and August Cognetta purchased and had installed in Ruvolo's Bakery Inc. machinery and equipment totaling some $3,540 and signed a conditional sale agreement. Plaintiff claims to have paid the $5,000 down payment, pursuant to the stock purchase agreement, and the seller admits receipt of only $1,500 thereof. Plaintiff and Cognetta paid Nasta Realty Corp. the rent for the months of July, August and September of 1957 pursuant to the supplemental agreement of September 10, 1957 and for the period of the fourth quarter of 1957. The plaintiff supplied approximately $15,000 which was deposited in an account against which checks could be drawn only by the plaintiff and August Cognetta, jointly. This money was used to operate the bakery business at 304 Fifth Avenue, Brooklyn, New York.

The attorney for Nasta testified that Piscella was in control of the premises from the time Nasta left in June or July of 1957, until, pursuant to court order, Nasta regained possession in July 1958 and that the plaintiff and Cognetta were in the picture somewhere. Nasta testified that the rent checks were signed by the plaintiff and August Cognetta although they were given to him by Piscella. Cognetta testified that plaintiff's $15,000 were given to Piscella who deposited the same in the joint checking account of the plaintiff and Cognetta; that it was expended to pay the current bills of the business by checks signed jointly by plaintiff and Cognetta. On March 7, 1960, after a trial, a judgment was entered against August Cognetta and Salvatore Piscella in a Municipal Court in Brooklyn for flour delivered to Ruvolo's Bakery Inc. during the period in question.

The evidence indicates clearly that, while Piscella and Cognetta were more active in the daily operations of the bakery, plaintiff provided most of the financing and maintained control over the expenditures through a joint checking account which required his signature.

During the course of the operation of Ruvolo's Bakery Inc. after Nasta walked out, the wages of the employees were paid; the business continued and income and social security taxes were withheld from the wages of the employees. Plaintiff and Cognetta were in a position to control the payments of bills, actually paid other creditors during and after the last two quarters of 1957 and expended funds in the operation of the business without paying to the defendant the taxes withheld.

▮ In an action to recover taxes assessed and collected or a penalty claimed to have been collected without authority, the plaintiff has the burden of proof. Phillips v. Dime Trust & Safe Deposit Co., 284 U.S. 160, 52 S.Ct. 46, 76 L.Ed. 220 (1931); Reinecke v. Spalding, 280 U.S. 227, 50 S.Ct. 96, 74 L.Ed. 385 (1930); United States v. Anderson, 269 U.S. 422, 46 S.Ct. 131, 70 L.Ed. 347 (1926). In this case he must prove that he was not a person whose duty it was to pay over withholding and social security taxes or that he did not willfully fail to comply with that duty. Horwitz v. United States, 236 F.Supp. 812 (S.D.N.Y.1964), aff'd, 339 F.2d 877 (2d Cir. 1965); Morgan v. United States, 62–2 U.S.T.C. par. 9799 (D.Alaska 1962); Schweitzer v. United States, 193 F.Supp. 309 (D.Nev.1961); Petrie v. United States, 62–2 U.S.T.C. par. 9600 (N.D.Ga. 1962); Cumberlander v. United States, 61–1 U.S.T.C. par. 9346 (S.D.Ind.1961); Fort Dodge By-Products v. United States, 133 F.Supp. 254 (N.D.Iowa 1955); Kellems v. United States, 97 F.Supp. 681 (D.Conn.1951). The defendant's third party complaint is, in essence, a collection suit in which the burden of proof rests on the defendant. Proof of the assessment is prima facie evidence of the tax due and the burden of going forward shifts to the taxpayer. United States v. Molitor, 337 F.2d 917 (9th Cir. 1964); Bowers v. American Surety Co., 30 F.2d 244 (2d Cir.), cert. denied, 279 U.S. 865, 49 S.Ct. 480, 73 L.Ed. 1003 (1929); United States v. Szerlip, 169 F.Supp. 529 (E.D.N.Y.1959). Plaintiff and Cognetta

do not dispute the fact of the assessments or the accuracy of the amounts thereof. The evidence to support the complaint amounted to a mere denial that they were connected with the business in any way and was insufficient to sustain the plaintiff's burden of proof or Cognetta's burden of going forward.

A responsible person is one so connected with a business as to be in a position to exercise full authority with respect to its financial affairs. Horwitz v. United States, supra; Flan v. United States, 326 F.2d 356 (7th Cir. 1964); Botta v. Scanlon, 314 F.2d 392 (2d Cir. 1963); United States v. Strebler, 313 F.2d 402 (8th Cir. 1963); United States v. Graham, 309 F.2d 210 (9th Cir. 1962); Wilson v. United States, 250 F.2d 312 (9th Cir. 1957); Tiffany v. United States, 228 F.Supp. 700 (D.N.J.1963). In this Circuit and in some other Circuits, a voluntary, conscious and intentional preference of creditors over the Government, is deemed willful under Section 6672 of the Internal Revenue Code of 1954. United States v. Leuschner, 336 F.2d 246 (9th Cir. 1964); Flan v. United States, supra; Bloom v. United States, 272 F.2d 215 (9th Cir. 1959), cert. denied, 363 U.S. 803, 80 S.Ct. 1236, 4 L.Ed.2d 1146 (1960); Horwitz v. United States, supra.[2]

The plaintiff and August Cognetta, by virtue of their control over the finances of Ruvolo's Bakery Inc. during the two quarters in question, were persons required to collect and turn over withholding and social security taxes to the defendant. They willfully failed to do so. The complaint is dismissed. Since the plaintiff has failed to establish liability as against the defendant, there can be no judgment of recovery over by the defendant on its claim against the third party defendant, August Cognetta. Roth v. Great Atlantic &

Pac. Tea Co., 108 F.Supp. 390 (E.D.N.Y. 1952). As to the third party defendant, Antoinette Cognetta, the court finds that she was not a "person" as defined by Section 6671 of the Code.

This opinion constitutes the court's findings of fact and conclusions of law. Settle an order consistent herewith and any further proposed findings and conclusions on or before ten (10) days from the date hereof.

---

**2.** In some other Circuits, it is held that a payment to creditors in preference to the Government is not willful under this statute though voluntary, conscious and intentional unless it is made "without reasonable cause." United States v. Strebler, supra (8th Cir.); Frazier v. United States, 304 F.2d 528 (5th Cir. 1962). Even if reasonable cause were a necessary element of "willful," the court finds no such reasonable cause in the instant case.