**In the Matter of BROOKMART, a California corporation, Bankrupt.**
**No. 53083.**

United States District Court,
C. D. California.
March 16, 1972.

William D. Keller, U. S. Atty., Charles H. Magnuson, Asst. U. S. Atty., Chief, Tax Division, Los Angeles, Cal., for petitioner, United States of America.

Marvin Neben, Anaheim, Cal., for trustee, petitioner on review.

Herman Sillas, Jr., Los Angeles, Cal., for assignee, respondent on review.

## MEMORANDUM AND ORDER

WESTOVER, District Judge.

Late in the month of January, 1969 Brookmart issued checks totaling $2,721.39 in favor of the Internal Revenue Service for payment of withholding and FICA taxes for the fourth quarter of 1968, plus FUTA taxes for the calendar year 1968.

On February 5, 1969 Brookmart made a general assignment for the benefit of creditors. Immediately the Assignee closed the Brookmart bank account, withdrawing from the account the sum of $6,088.90. Following the assignment and the closing of the bank account, the above-described checks for $2,712.39 in favor of Internal Revenue Service were presented for payment and were dishonored by the bank.

On April 11, 1969 an involuntary petition in bankruptcy was filed against Brookmart, and on May 6, 1969 Brookmart was adjudicated bankrupt. On July 17, 1969 the Assignee turned over to the Trustee in Bankruptcy all the books, records and property belonging to Brookmart, including cash in the sum of $30,493.24. A first meeting of creditors was held July 21, 1969.

A claim for taxes due in the amount of $5,714.14 was filed by Internal Revenue Service on February 4, 1970, too late to participate in dividends paid to creditors of the bankrupt estate. At the time the claim for taxes was filed there was approximately $30,000.00 in cash in the bankrupt estate and the tax claim could have been paid in full. The Trustee refused to pay the tax claim upon the ground that it had not been timely filed.

On January 11, 1971 Internal Revenue Service served upon the Assignee demand for the bankrupt's tax liability, including interest and lien fees. On January 27, 1971 Assignee for the benefit of

creditors filed application for Order to Show Cause relative to the tax lien and levy served upon him.

The Trustee responded to the Order to Show Cause, asserting that inasmuch as no timely claim had been filed by Internal Revenue Service in the bankruptcy proceeding, he was unable to pay the taxes alleged to be due. Internal Revenue replied to the Order to Show Cause, raising among other points the question of the bankruptcy court's jurisdiction to adjudicate the matter. The Referee held that the bankruptcy court did have jurisdiction. In that holding we affirm the Referee.

The Referee also found that the evidence adduced before him showed a sufficient tracing of funds to impose a trust upon the sum of $2,712.39 which had been held by the Assignee and turned over to the Trustee—the total of the two checks issued by Brookmart for taxes due; but the Referee also found there was no liability upon the Assignee, as the Trustee had received from him all of the Bankrupt's books, records and assets. The Referee further found that said claim should be paid by the Trustee in bankruptcy. Both Internal Revenue Service and the Trustee filed petitions, seeking review of the Referee's order.

The taxes at issue were withholding, unemployment and Social Security, taxes, collected by Brookmart from its employees. Such money so collected did not belong to Brookmart but constituted a trust fund in the hands of the employer, Brookmart, for the benefit of its employees.

Title 26, United States Code, § 7501, provides in part as follows:

"(a) General rule.—Whenever any person is required to collect or withhold any internal revenue tax from any other person and to pay over such tax to the United States, the amount of tax so collected or withheld shall be held to be *a special fund in trust* for the United States. * * *." Emphasis supplied. Long v. Bacon, D.C.,

239 F.Supp. 911; United States v. Strebler, 5 Cir., 313 F.2d 402.

Brookmart did not comply with the statute and did not place such funds in a special account. It comingled the funds so collected in a general fund, and the two checks issued to Internal Revenue were drawn upon the general account. The Assignee had in his possession sufficient money to have paid the taxes covered by the checks.

It is Assignee's contention that inasmuch as he turned over to the Trustee all property belonging to Bankrupt, Assignee should not be held personally liable for the amount he should have paid Internal Revenue Service.

Section 192, Title 31, United States Code, states in part:

"Every * * * assignee, or other person, who pays, in whole or in part, any debt due by the person or estate for whom or for which he acts before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate to the extent of such payments for the debts so due to the United States, or for so much thereof as may remain due and unpaid. * * *."

However, it appears that to hold an "assignee, or other person" liable, he must have had knowledge of "the debts due to the United States from such person or estate."

At oral argument on review before the District Court, counsel for Assignee admitted that Assignee had knowledge and was aware of the outstanding debt due Internal Revenue Service in the amount of $2,712.39. In his finding that there is no personal liability on the part of an assignee, we reverse the Referee.

The Referee found that there were traceable funds in the bankrupt estate in the amount of $2,712.39 and ordered that the Trustee pay said sum forthwith to Internal Revenue Service.

Although there is liability on the part of Assignee to pay said sum to the government, it would seem that payment

should be conditioned only on the inability of the government to collect such sum from the Trustee herein. The Internal Revenue Service is entitled to only one payment of its taxes, and when the Trustee complies with the Referee's order, then Assignee's liability shall be extinguished.

In his finding that the Trustee in Bankruptcy shall forthwith pay this aforesaid sum of $2,712.39 we affirm the Referee.