OPINION OF THE COURT
Albert H. Buschmann, J.
Plaintiff sues for a declaratory judgment as to the following:
(a) Declaring the rights and responsibilities of the plaintiff with respect to the plaintiff’s liability for the sales and compensating use taxes alleged to be due in connection with the periods ending August 31, 1969, November 30, 1969 and February 28, 1970.
(b) Annulling and canceling the tax assessment against the plaintiff; annulling and canceling the warrant, and/or judg *389 ment heretofore entered against the plaintiff; annulling and canceling all restraining notices, property and/or income executions and all other documents which may have been prepared, served and/or filed in an attempt to enforce collection of said taxes, penalties and interest.
(c) Declaring and determining that the acts, actions and proceedings by the defendants against the plaintiff are illegal, contrary to law, and in violation of the rights of the plaintiff.
(d) Permanently restraining and enjoining the defendants, their agents, servants, employees or attorneys from any further proceedings to collect or enforce payments of said taxes, penalties and interest against the plaintiff personally.
(e) Awarding the plaintiff such other further and different relief as to this court may be just and fair in the premises, together with the costs and disbursements of this action, including reasonable attorneys’ fees.
On April 24, 1972 defendants served a "Notice of Determination and Demand for Payment of Sales and Use Taxes Due” upon plaintiff contending that plaintiff, as a corporate officer, was personally liable for sales tax owed by 10 Kew Gardens, Inc., for the periods ending August 31, 1969, November 30, 1969 and February 28, 1970 pursuant to subdivision (1) of section 1131 and subdivision (a) of section 1133 of the Tax Law. Said determination was made without notice to the plaintiff or a formal hearing. After the determination, warrants were filed in the office of the county clerk against the plaintiff, although he requested a hearing to contest the assessment and demand for payment.
Plaintiff contends that defendants had no legal or factual basis for proceeding in the matter which they did with respect to collecting sales tax from him personally. Therefore, he commenced this action.
Plaintiff was president of a corporation known as 10 Kew Gardens, Inc., which conducted a barbeque restaurant business. Sometime in the early part of 1969 there was a merger between 10 Kew Gardens, Inc., and a Delaware corporation whose principal offices were located in Miami, Florida, known as Culpepper’s Plantation Enterprises, Inc. (hereinafter referred to as Culpepper).
Culpepper became the parent corporation and 10 Kew Gardens, Inc., became a subsidiary of it. Prior to the merger, the plaintiff had complete control of 10 Kew Gardens, Inc., and *390 sales tax returns were filed during that period by the plaintiff. After the merger plaintiff became a vice-president in Culpepper with responsibilities in this area of franchising and securing new locations for Culpepper. However, the day-to-day management of the restaurant was conducted by parties hired and trained by Culpepper. Plaintiff’s former accountants were discharged and a Florida accounting firm was retained in their place. Eventually one of the Florida accountants became comptroller and vice-president of Culpepper. All books and records were sent directly to Florida and the employees were paid directly from Florida.
10 Kew Gardens Corporation had a bank account in New York which was opened in February, 1968. Plaintiff remained a signatory on the account until it was closed in August of 1970. There is no evidence before the court that the account was active.
In December of 1969 Gergora and Crair, president and vice-president and comptroller of Culpepper were added as signatories to the account. The sales tax returns for 10 Kew Gardens, Inc. for the period of June 1, 1968 through May 31, 1969 was signed by the plaintiff. The returns for the periods in question were signed by either the comptroller or the president of Culpepper. The checks that were sent with these returns were not honored because a receiver had been appointed in Florida to oversee the operation of Culpepper.
The issue before the court is whether the plaintiff, an officer and employee of 10 Kew Gardens, Inc., is personally liable for the sales tax obligation of that corporation.
Subdivision (a) of section 1133 of the Tax Law states in pertinent part: "[E]very person required to collect any tax imposed by this article shall be personally liable for the tax imposed, collected or required to be collected under this article.”
A definition of said "person” is found in subdivision (1) of section 1131 which states: " '[pjersons required to collect tax’ or 'person required to collect any tax imposed by this article’ shall include * * * any officer or employee of a corporation or of a dissolved corporation who as such officer or employee is under a duty to act for such corporation in complying with any requirement of this article”.
There is no further definition of the foregoing phrase in article 28 of the Tax Law.
*391 The determination as to whether the plaintiff is "a person required to collect taxes” is a factual question for the court (Stacy v State of New York, 82 Mise 2d 181). There seems to be an absence of any New York decisional law defining the term "person”. Therefore, the court must resort to Federal case law interpreting the provisions of subdivision (b) of section 6671 of the Internal Revenue Code (US Code, tit 26, § 6671, subd [b]) wherein the term "person” is defined in language similar to the provision of section 1131 and exactly as subdivision (n) of section 685 of the Tax Law. Both the Federal and State statutes (§ 1133, subd [a]) authorized personal liability equal to the amount of the tax evaded against any officer or corporate employee responsible for the collection and payment of taxes.
In Datlof v United States (252 F Supp 11, 32-33) the court set down criteria which it found useful in determining whether a given individual is a person with a duty to account for and pay over withholding and employment taxes. They are the following:
"a. Contents of the corporate by-laws. United States v. Strebler, 313 F.2d 402, 404 (8th Cir. 1963).
"b. The ability of the individual in question to sign checks on the company’s bank account. United States v. Strebler, 313 F.2d 402 (8th Cir. 1963); Schweitzer v. United States, 193 F.Supp. 309, 312 (D. Neb. 1961); Melillo v. United States, 244 F. Supp. 323, 326 (E.D.N.Y. 1965).
"c. The identity of the individual who signed the Employer’s Federal Quarterly Tax Return, and the other tax returns of the firm. United States v. Strebler (8a & b supra); Horwitz v. United States, 339 F.2d 877, 878 (2nd Cir. 1965); Schweitzer v. United States, (8b supra).
"d. The payment of other creditors instead of the United States. United States v. Graham, 309 F.2d 210, 212 (9th Cir. 1962); Horwitz v. United States (8c supra); Bloom v. United States, 272 F.2d 215 (9th Cir. 1960); cert. den. 363 U.S. 803, 80 S.Ct. 1236, 4 L.Ed.2d 1146 (1963); Melillo v. United States (8b supra); Tiffany v. United States, 228 F.Supp. 700, 702 (D.N.J. 1963) .
"e. The identity of the officers, directors, and principal stockholders in the firm. Frazier v. United States, 304 F.2d 528, 529 (5th Cir. 1962); Scherer v. United States, 228 F. Supp. 168, 170 (D. Idaho 1963).
*392 "f. The identity of the individuals who hired and discharged employees. Hair v. United States, decided December 10, 1963, 13 A.F.T.R.2d 643 (S.D. Calif.).
"g. And in general, the identity of the individual who was in control of the financial affairs of the firm in question. Horwitz v. United States (8c supra); Flan v. United States, 326 F.2d 356 (7th Cir. 1964); Dillard v. Patterson, 326 F.2d 302 (5th Cir. 1963); Melillo v. United States (8b supra).”
Applying the above criteria to the case at bar, the court finds that the plaintiff is not a person who is personally liable for the sales tax obligation under section 1133 of the Tax Law. Plaintiff did not sign the returns after the merger. The returns sent in to the Tax Commissioner were signed by Gergora and Crair. The plaintiff did not have the right to hire and fire. Finally, he was not the individual who was in control of the financial affairs of the firm in question.
Although plaintiff retained the title of vice-president after the merger, the holding of corporate office does not, per se, impose liability upon the officeholder. (Monday v United States, 421 F2d 1210, cert den 400 US 821.)
The courts have defined the "person” responsible for the payment of tax as that individual who "had the final word as to what bills should or should not be paid, and when.” (Wilson v United States, 250 F2d 312, 316.) The teaching of the cases is that "a responsible person” is one who has or shares "final word” as to what bills or creditors should or should not be paid, the word "final” meaning significant rather than exclusive control. (Dudley v United States, 428 F2d 1196.)
The plaintiff does not meet the above requirement of a "responsible” person. When the receiver stepped in and stopped payment on the checks sent to defendants, any manifestation of control by the plaintiff ceased to exist.
As to the third relief sought by plaintiff for a judgment declaring that the acts, actions and proceedings by the defendants against the plaintiff are illegal, contrary to law, and in violation of the rights of the plaintiff, the court finds that the question has been answered by the Court of Appeals in Matter of Parsons v State Tax Comm. (34 NY2d 190), which holds where delinquent corporation sales tax returns are correctly filed but the tax is not paid the State Tax Commissioner could not proceed administratively to collect the tax but is required to proceed through court process.
*393 In the case at bar there was no determination by a court that the plaintiff was a " 'person required to collect * * * tax’ ” pursuant to section 1131 of the Tax Law. Therefore, there was no legal foundation upon which the warrant was based. In summary the court finds that the defendant is not a " 'person required to collect any tax imposed by this article’ ” for the periods in question and therefore, the court declares null and void the warrant lodged against him and all other documents which may have been served or filed in an attempt to collect said taxes from plaintiff.