**UNITED STATES of America,**
**Appellant,**

v.

**Frank H. MOLITOR, Appellee.**

**Frank H. MOLITOR, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18747.**

United States Court of Appeals
Ninth Circuit.

Oct. 28, 1964.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Earl J. Silbert, David I. Granger, Dept. of Justice, Washington, D. C., Brockman Adams, U. S. Atty., Seattle, Wash., for appellant-cross appellee.

George S. Lundin, Geraghty, Volinn & Lundin, Seattle, Wash., for appellee-cross appellant.

Before MADDEN, Judge of the United States Court of Claims, and JERTBERG and DUNIWAY, Circuit Judges.

JERTBERG, Circuit Judge.

We have before us in this case two appeals, one by the United States, and the other by Frank H. Molitor, hereinafter "Molitor", and involving Social Security and Income taxes withheld from wages received by the employees of Anchorage Bus Company, Inc., a corporation.

There is no dispute that for the last quarter of 1955 and the first quarter of 1956, the Anchorage Bus Company owed to the United States withholding and federal insurance contributions act (FICA) taxes in the amount of $11,143.58, which amount the corporation never paid. On December 23, 1957, the above amount was assessed against Molitor as a responsible person who had willfully failed to collect, account for, and pay over the taxes in question, pursuant to Section 6671(b) and Section 6672 of the Internal Revenue Code of 1954. Because of Molitor's failure to pay any portion of this assessment, the Commissioner of Internal Revenue, acting:

through his agents, and pursuant to levy, held a sale of real property belonging to Molitor on July 13, 1959, from the proceeds of which sale the amount of $7,756.79 was applied to the assessment, leaving an unpaid balance of $3,947.15.

Molitor filed a claim for refund in the amount of $7,196.43 on February 9, 1962, which claim was rejected on April 2, 1962. Within the time provided in Section 6532 of the Internal Revenue Code of 1954, and on April 24, 1962, Molitor brought an action in the District Court for a refund of said amount plus interest, and also prayed that the assessed balance of $3,947.15 plus interest be abated and that the United States be enjoined from in any manner attempting to collect the same. The United States filed a counterclaim for the unpaid balance of $3,947.15.

The findings of fact and conclusions of law made by the District Court contain the following conclusions of law:

"In an action to recover monies assessed and collected pursuant to Section 6672 of the Internal Revenue Code of 1954, the plaintiff has the burden of proving that he was not the person required to perform the duties set forth in Section 6672 and, further, the plaintiff has the burden of proving he did not act willfully in failing to perform any of the duties set forth in Section 6672.

"In an action for the recovery of monies alleged to have been erroneously and illegally assessed and collected pursuant to Section 6672 of the Internal Revenue Code of 1954, the defendant, upon its counterclaim for the unpaid balance of any assessments which are the subject of the plaintiff's claim, has the burden of proving that the plaintiff was the person required to perform the duties set forth in Section 6672 and, further, the defendant has the burden of proving that the plaintiff acted willfully in failing to perform any of the duties set forth in Section 6672.

"The plaintiff has not sustained his burden of proof upon his claim and the claim is dismissed.

"The defendant has not sustained its burden of proof upon its counterclaim and the counterclaim is dismissed."

The judgment was made and entered on the 15th day of March, 1963, and provides that Molitor take nothing by his complaint; that the complaint be dismissed with prejudice; that the United States take nothing by way of its counterclaim and that the counterclaim be dismissed with prejudice. Judgment further provided that Molitor is not and shall not be obligated to the Government of the United States for the balance of the penalty assessment made against Molitor by the Government, and that any liens based thereon be and are declared to be null and void.

On May 14, 1963, the United States filed its notice of appeal from the judgment entered on the 15th day of March, 1963, and on May 21, 1963, Molitor filed his cross-appeal from said final judgment.

Because Molitor's cross-appeal was filed more than sixty days after entry of judgment, we will first consider the contention of the United States that this court is without jurisdiction over the cross-appeal because the same was untimely filed. Rule 8(1), rules of this Court, provides that the Federal Rules of Civil Procedure, whenever applicable, are hereby adopted as part of the rules of this Court. Rule 73(a), Rule of Civil Procedure, in relevant part provides that when an appeal is permitted by law from a District Court to the Court of Appeals, the time within which the appeal may be taken shall be thirty days from the entry of the judgment appealed from, unless a shorter time is provided by law, except that in any action in which the United States is a party, the time as to all parties shall be sixty days from such entry. Sixty days from the entry of judgment in the instant case expired on May 14, 1963, and seven days before Molitor filed his cross-appeal. The rea-

sons set forth by Molitor in his brief for failure to file his cross-appeal within the sixty day period are:

"In the Molitor case, the Government filed its notice of appeal on the sixtieth day. No notice of appeal had been filed by Molitor. The reason for this was, that, although Molitor was not in full accord with the decision of the District Court, he was satisfied enough with the judgment rendered and did not want to appeal independently. However, when he learned that the Government had appealed he decided then that a cross-appeal was necessary to preserve his rights. By this time, since the Government had filed its notice of appeal on the sixtieth day, it was impossible for Molitor to file notice of cross-appeal within the sixty day period."

The only exception appearing in Rule 73(a) providing for an extension of time in which to file a notice of appeal is "that upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment the district court in any action may extend the time for appeal not exceeding 30 days from the expiration of the original time herein prescribed." Molitor does not contend that his failure to file within the sixty day period resulted from excusable neglect based on a failure on his part to learn of the entry of the judgment.

■ It is well established that a notice of appeal must be timely filed so as to confer jurisdiction upon this Court to consider such appeal. Smith v. Stone, 308 F.2d 15, 17 (9th Cir. 1962); Smith v. United States, 272 F.2d 228, 229 (9th Cir. 1959), certiorari denied, 362 U.S. 954, 80 S.Ct. 868, 4 L.Ed.2d 871 (1960), rehearing denied, 362 U.S. 992, 80 S.Ct. 1080, 4 L.Ed.2d 1024 (1960); Stafford v. Russell, 220 F.2d 853, 854 (9th Cir. 1955); Fern v. United States, 213 F.2d 674, 676, 15 Alaska 31 (9th Cir. 1954).

■ Molitor's cross-appeal must be and is hereby dismissed on the ground that this court is without jurisdiction to entertain it. The dismissal of the cross-appeal renders moot Molitor's assignment of error on the part of the District Court in denying Molitor's motion made under Rule 34 of the Federal Rules of Civil Procedure, seeking to compel the United States to produce its administrative file and any papers it planned to use at the trial.

We shall now consider the appeal of the United States.

Section 3101 of the Internal Revenue Code of 1954,[1] imposes on the income of every individual a tax equal to a specified percentage of his wages received by him with respect to employment, as defined, as a contribution to his insurance under Social Security and related programs. [FICA].

Section 3102 of the Internal Revenue Code of 1954,[2] imposes upon the employer the duty to collect this tax by deducting the amount of the taxes from the wages as and when paid.

Section 3402,[3] provides for the collection of income taxes at source by requiring every employer to deduct and

Internal Revenue Code of 1954:

1. "§ 3101. Rate of tax
"In addition to other taxes, there is hereby imposed on the income of every individual a tax equal to the following percentages of the wages (as defined in section 3121(a)) received by him with respect to employment (as defined in section 3121(b))—
"(1) with respect to wages received during the calendar years 1955 to 1959, both inclusive, the rate shall be 2 percent; * * *." (26 U.S.C.1958, ed., Sec. 3101.)

2. "§ 3102. Deduction of tax from wages
"(a) Requirement.—The tax imposed by section 3101 shall be collected by the employer of the taxpayer, by deducting the amount of the tax from the wages as and when paid. * * *" (26 U.S.C. 1958 ed., Sec. 3102.)

3. "§ 3402 [as amended by Sec. 2(a) Act of August 9, 1955, c. 666, 69 Stat. 605]. Income tax collected at source
"(a) Requirement of withholding.— Every employer making payment of wages shall deduct and withhold upon such

withhold a percentage of the wages paid to employees. The amount of taxes withheld by an employer constitutes, pursuant to section 7501,[4] a special fund, in trust, for the United States. If a person, as defined in Section 6671(b),[5] who is required to collect the tax, wilfully fails to collect, truthfully account for and pay over such tax, that person is liable under Section 6672[6] for a penalty equal to the amount of the tax.

There is no dispute as to the correctness of the amount of the assessment made against Molitor. The parties agreed in the pre-trial order, and the District Court found, that the United States assessed the amount of $11,143.58 against Molitor on December 23, 1957, and that the balance claimed in the counterclaim is the sum of $3,947.15.

The court found upon substantial evidence that during the last quarter of 1955 and the first quarter of 1956, Molitor was the chief executive officer of Anchorage Bus Company, Inc., and had the power during said periods to control expenditures by the company.

As previously noted, the District Court concluded that in Molitor's suit for refund he had the burden of proving that he was not a person responsible for performing the duties set forth in § 6672, and that if he were such a person, he had not wilfully failed to perform those duties. The District Court held that Molitor had failed to sustain that burden. The District Court also ruled that the United States, on its counterclaim, had the burden of proving that Molitor was a person responsible for performing the duties set forth in § 6672, and that if such a person, he willfully failed to perform those duties. The District Court held that the United States had failed to sustain such burden.

The United States specifies the District Court erred:

(1) in failing to give proper weight to the assessment in satisfying the burden of proof of the United States on its counterclaim; and

(2) in the alternative, in concluding that the United States did not meet its burden of proof on its counterclaim.

The errors relied upon by the United States raise chiefly a burden of proof problem.

wages (except as provided in subsection (j)) a tax equal to 18 percent of the amount by which the wages exceed the number of withholding exemptions claimed, multiplied by the amount of one such exemption as shown in subsection (b) (1). * * *" (26 U.S.C. 1958 ed., Sec. 3402.)

4. "§ 7501. Liability for taxes withheld or collected
"(a) **General rule.**—Whenever any person is required to collect or withold any internal revenue tax from any other person and to pay over such tax to the United States, the amount of tax so collected or withheld shall be held to be a special fund in trust for the United States. The amount of such fund shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including penalties) as are applicable with respect to the taxes from which such fund arose. * * *" (26 U.S.C. 1958 ed., Sec. 7501.)

5. "§ 6671. Rules for application of assessable penalties
* * * * *

"(b) **Person defined.**—The term 'person', as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs." (26 U.S.C. 1958 ed., Sec. 6671.)

6. "§ 6672. Failure to collect and pay over tax, or attempt to evade or defeat tax
"Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable." (26 U.S.C. 1958 ed., Sec. 6672.)

■ The United States states in its brief, and we agree, that:

"The counterclaim made by the United States in this case was no different from a suit brought against taxpayer [Molitor] to collect the unpaid balance of the assessment against him for the income and social security taxes owed by the Anchorage Bus Company, Inc. In such a suit, the burden of proof is admittedly on the United States as the initiator of the action to establish the liability of the taxpayer. Bowers v. American Surety Co., 30 F.2d 244, 245 (C.A.2d), certiorari denied, 279 U.S. 865, [49 S.Ct. 480, 73 L.Ed. 1003] 9 Mertens, Law of Federal Income Taxation, (Rev.) Sec. 49.218."

The United States argues that it satisfied the burden of proof resting upon it when it introduced into evidence the administrative assessment made against Molitor, and in this connection asserts:

(1) that the presumption of administrative regularity arising from the assessment constitutes a *prima facie* proof that Molitor is a person responsible for performing the duties set forth in § 6672, and that he wilfully failed to perform such duties; and

(2) that such *prima facie* proof is sufficient when unassailed to establish Molitor's liability.

From such premises the United States argues that since the District Court concluded, in Molitor's suit for refund, that he had the burden of proving that he was not a person responsible for performing the duties set forth in § 6672, and that if he were such a person, he had not willfully failed to perform those duties, and since the District Court held that Molitor had failed to sustain his burden of proof on such matters, the Court should have concluded that the assessment was unassailed and that the District Court, therefore, should have entered judgment in favor of the United States on its counterclaim, and having failed to do so, this Court should.

■ We agree that if Molitor had adduced no evidence contesting the *prima facie* proof arising from the assessment that Molitor was a person responsible for performing the duties set forth in § 6672, and that he willfully failed to perform such duties, the United States would have been entitled to judgment against Molitor in the amount of $3,947.15. However, Molitor adduced evidence on such matters by the testimony of five witnesses, whose testimony was received in the form of depositions, and by his own testimony in person.

In support of its position the United States relies primarily upon what it designates as "the leading case on this subject", United States v. Rindskopf, 105 U.S. 418, 26 L.Ed. 1131 (1882). In that case the Supreme Court specifically approved—with one exception not relevant here—the trial court's charge to the jury, which reads as follows:

"When, therefore, an assessment has been made by this officer it is to be presumed until such presumption is overcome by proof to the contrary that it was made upon sufficient evidence, and it is not necessary that the evidence upon which the commissioner acted should be laid before the jury. In other words: the jury have a right to presume, until the contrary appears, that when the commissioner made the assessment in question he had before him proofs which were sufficient to satisfy a just and fair-minded person that such assessment ought to be made; and before the jury can disregard the assessment they should be convinced by the evidence that the commissioner acted in making it in a manner unjust to the defendant distiller and unwarranted by the actual facts. Such an assessment is not, however, conclusive evidence of the liability of the distiller; it is open to attack; it is *prima facie* proof only of such liability, and *prima facie* evidence is such evidence as is sufficient, when unassailed, to establish a given fact, and it remains suffi-

cient for that purpose until it is rebutted and overcome. * * * Upon introduction of the assessment in evidence a *prima facie* case of liability on the part of the defendant, Lewis Rindskopf, is made. The burden of proof then falls upon the defendants, who may proceed to introduce evidence to overcome the assessment by showing that the defendant, Lewis Rindskopf, did not, during the period covered by the assessment, manufacture and remove from his distillery spirits upon which the tax was not paid.

"And upon it being so made to appear, the burden of proof then shifts to the plaintiffs, and it then becomes incumbent on the plaintiffs, to maintain and establish the correctness of the assessment by sufficient and competent evidence. * * The order of proof which has been maintained upon the trial is in consonance with the rules of law applicable to such a case, which have just been stated."

In the course of its opinion the court stated:

"The assessment of the Commissioner of Internal Revenue was only *prima facie* evidence of the amount due as taxes upon the spirits distilled between the dates mentioned. It established a *prima facie* case of liability against the distiller, and nothing more. If not impeached, it was sufficient to justify a recovery; but every material fact upon which his liability was asserted was open to contestation. The distiller and his sureties were at liberty to show that no spirits, or a less quantity than that stated by the commissioner, were distilled within that period mentioned, and thus entirely, or in part, overthrow the assessment. They were also at liberty to show a payment of the tax assessed, in whole or in part, and thus discharge or reduce the distiller's liability. To the extent, however, in which the as-

sessment was not impaired, there was evidence of the amount due."

The United States appears to recognize the principles set forth in Rindskopf when it states in its brief: "Had the taxpayer, however, come forward with sufficient evidence to establish that he was not responsible for the tax or that he did not willfully fail to pay it, then the Government would have had to come forward with the evidence to justify the assessment."

We are unable to determine from the record what weight or consideration, if any, the District Court gave to the testimony adduced by Molitor challenging the *prima facie* proof of liability arising from the assessment, since factors of credibility of witnesses are involved which the District Court is in a position to appraise, and we are not, and since the District Court made no findings of fact on the issues of willfulness, and who is the responsible person. Likewise we are unable to determine from the record what weight or consideration, if any, the District Court gave to the presumption of administrative regularity arising from the assessment in ascertaining whether the United States had sustained its burden of proof.

■ We believe that the proper and appropriate course to follow in view of the state of the record in this case is to, and we do, vacate and set aside that portion of the judgment entered by the District Court relating to the counterclaim of the United States, and to, and we do, remand the cause to the District Court for reconsideration, and for the making of findings on the issues of "who is a responsible person" and "willfulness". The reconsideration and redetermination shall, in the discretion of the court, be made on the present record or as supplemented by further hearing in the event either party shall desire to offer further evidence, and shall be consistent with the views hereinafter expressed in this opinion.

■■ Molitor contends on this appeal that the United States is not entitled to

the benefit of the presumption of administrative regularity arising from the assessment levied against him by the United States because the "taxpayer" involved is not he, but is the Anchorage Bus Company, Inc. His further contention is that since § 6672 imposes a penalty "equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over", the burden of proof provision contained in 26 U.S.C. § 7454 arises. That section provides:

"*Burden of proof in fraud and transferee cases*

"(a) *Fraud.*—In any proceeding involving the issue whether the petitioner has been guilty of fraud with intent to evade tax, the burden of proof in respect of such issue shall be upon the Secretary or his delegate."

In Bloom v. United States, 272 F.2d 215 (9th Cir. 1959), cert. denied 363 U.S. 803, 80 S.Ct. 1236, 4 L.Ed.2d 1146; this court effectively disposed of Molitor's first contention as stated at page 221 of 272 F.2d:

"In our view, Section 2707(a) [the predecessor to § 6672] imposes a separate and distinct liability upon the officer of the corporation who has the duty or is responsible for the collection and payment of the tax and who willfully fails either to collect the tax or to pay it over. While this liability is denominated 'penalty' it is 'to be assessed and collected in the same manner as taxes are assessed and collected.' While it might be said that the assessment made on appellant is derivative of the assessments made on the corporation, in that they both relate to taxes collected or withheld by the corporation, the liability imposed upon appellant by Section 2707(a) is statutory and in such cases the statutory limitations are controlling."

It is our view that a person determined to be liable under § 6672, by operation of this section, is in effect the taxpayer. Clearly, if the United States had sued the Anchorage Bus Company, Inc., to collect the taxes, the United States would have had the benefit of the presumption. United States v. Rindskopf, 105 U.S. 418, 26 L.Ed. 1131 (1882).

We see no reason in principle why the benefit of the presumption should be denied to the United States in the instant case. In accord see United States v. Strebler, 313 F.2d 402 (8th Cir. 1963).

 We believe that § 7454 is inapplicable to this suit. The counterclaim filed against appellant was not designed to impose criminal sanctions but is a civil action to insure payment to the United States of a tax already collected or deducted by the employer, whose employees have already received credit on their taxes in their individual returns. § 6672 does not provide for a "double" penalty. As we stated in Bloom v. United States, supra, at page 223 of 272 F.2d:

"* * * there need not be present an intent to defraud or deprive the United States of the taxes collected or withheld for its account, nor need bad motives be present in order to invoke the sanctions * * *"

of Section 6672.

Cause remanded to the District Court for reconsideration and redetermination as hereinbefore set forth.