77 F.3d 489
 77 A.F.T.R.2d 96-361, 96-1 USTC P 50,102
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sattar NADJMECHI, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 94-70246.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1995.*
Decided Jan. 5, 1996.
 
 Before: SCHROEDER, FERGUSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sattar Nadjmechi appeals pro se the judgment of the tax court. Specifically, Nadjmechi appeals the Tax Court's finding that he received $18.75 million in gross income from the illicit sale of heroin in 1985. The Tax Court's finding that Nadjmechi received $18.75 million in unreported income from narcotics sales is a finding of fact that must be upheld unless clearly erroneous. See Weimerskirch v. Commissioner, 596 F.2d 358, 360 (9th Cir.1979).
 
 
 3
 Generally, the Commissioner of Internal Revenue's determination of tax liability, as formally set forth in the statutory notice of deficiency, is entitled to a presumption of correctness. See Welch v. Helvering, 290 U.S. 111, 115 (1933); United States v. Molitor, 337 F.2d 917, 922 (9th Cir.1964). Therefore, the taxpayer has the burden of proving that the Commissioner's determination is erroneous or arbitrary. Id.
 
 
 4
 However, in cases involving the alleged receipt of unreported income where the taxpayer denies that he or she was engaged in the alleged activity, the Commissioner must show that the deficiency determination is not a "naked assessment." Weimerskirch, 596 F.2d at 360. The Commissioner is required to produce "some evidentiary foundation linking the taxpayer to the alleged income-producing activity" before the deficiency determination will be accorded its usual presumption of correctness. Id.; Blohm v. Commissioner, 994 F.2d 1542, 1549 (11th Cir.1993). This evidentiary showing required by the Commissioner is minimal in nature. Weimerskirch, 596 F.2d at 361; United States v. Stonehill, 702 F.2d 1288, 1293 (9th Cir.1983), cert. denied, 465 U.S. 1079 (1984).
 
 
 5
 Once this minimal evidentiary showing has been made, the Commissioner's deficiency determination is then accorded its usual presumption of correctness. Subsequently, the burden shifts to the taxpayer to prove that the deficiency determination is arbitrary or erroneous. Adamson v. Commissioner, 745 F.2d 541, 547 (9th Cir.1984); Stonehill, 702 F.2d at 1294; Anastasato v. Commissioner, 794 F.2d 884, 887 (3rd Cir.1986).
 
 
 6
 In the present case, the Commissioner met her evidentiary burden of linking the appellant to the illicit sale of heroin by providing the Tax Court with the following evidence obtained from an undercover DEA investigation: (1) Nadjmechi furnished Agent Sugimoto with heroin on three occasions;[1] (2) Appellant told Sugimoto that he was a major dealer in heroin and received 50 kilos of heroin every thirty to forty-five days; (3) Appellant indicated that he had other drugs available for sale; (4) Several of appellants statements to Sugimoto evidenced a working knowledge of the drug trade; (5) Appellant used both an alias and a code name and traveled with two fake passports; and (6) Appellant had numerous bank accounts consistent with activity in the drug trade.
 
 
 7
 In addition to the evidence obtained from the DEA investigation, the Commissioner also received information from a reliable informant, a San Diego enforcement official, and a private citizen regarding appellant's activities in heroin trafficking.
 
 
 8
 Although a great deal of the evidence relied upon by the Tax Court in connecting the appellant with heroin trafficking was hearsay, such evidence is admissible for the limited purpose of showing that the Commissioner's determination was not arbitrary. See Avery v. Commissioner, 574 F.2d 467, 468 (9th Cir.1978); DiMauro v. Commissioner, 706 F.2d 882, 885 (8th Cir.1983).
 
 
 9
 When a taxpayer fails to keep the records necessary to enable the Commissioner to determine his tax liability, or maintains incomplete or inadequate records, the Commissioner may reconstruct his income in any manner that is reasonable. Cracchiola v. Commissioner, 643 F.2d 1383, 1385 (9th Cir.1981); Mitchell v. Commissioner, 416 F.2d 101, 102-03 (7th Cir.1969), cert. denied, 396 U.S. 1060 (1970). Due to the lack of appellant's own tax records in the present case, the Commissioner based the determination of appellant's income on his statement to Sugimoto that he received fifty kilos of heroin every thirty to forty-five days. The Commissioner adjusted this amount downward in appellant's favor, calculating his income based upon the receipt of twenty-five kilos of heroin per month.
 
 
 10
 The Tax Court was not clearly erroneous, based upon the evidence presented, in concluding that the Commissioner established a factual basis for the determination that the appellant was a major heroin trafficker who obtained substantial income from the sale of heroin. Therefore, the Tax Court was correct in attaching a presumption of correctness to the Commissioner's deficiency determination and shifting the burden to the appellant to disprove his tax liability. See Adamson v. Commissioner, 745 F.2d 541, 547 (9th Cir.1984).
 
 
 11
 Nadjmechi did not introduce any evidence on appeal indicating that the factual determinations made by the Tax Court were clearly erroneous. Moreover, the appellant presented no evidence on appeal to meet his burden of demonstrating that the Commissioner erred in his deficiency determination. Therefore, the Tax Court was not clearly erroneous in finding that Nadjmechi received $18.75 million in gross income from the illegal sale of heroin in 1985. See Edelson v. Commissioner, 829 F.2d 828, 831 (9th Cir.1987).
 
 
 12
 AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Nadjmechi sold Sugimoto one-half kilo on March 22, 1985, one kilo on June 22, 1985, and 50 kilos on October 11, 1985