**SYNERGY STAFFING, INC., fka Personnel Connection Inc., Plaintiff,**

v.

**UNITED STATES of America (Internal Revenue Service) and Does 1 through 10, inclusive, Defendants.**

No. SACV 02–690–AHS(ANX).

United States District Court, C.D. California, Southern Division.

April 29, 2003.

Debra W. Yang, United States Attorney, Edward M. Robbins, Jr., Assistant United States Attorney, Chief, Tax Division, Darwin Thomas (SBN 80745), Assistant United States Attorney, Los Angeles, CA, for United States of America.

## STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

STOTLER, District Judge.

### STATEMENT OF UNCONTROVERTED FACTS

1. Plaintiff is a corporation doing business within the Central Judicial District of California. (Complaint and Answer, ¶ 1.)

2. The instant action is for a refund of federal payroll taxes for the four quarterly periods in 1997. (Complaint.)

3. On June 4, and June 26, 1997, the Internal Revenue Service assessed Form 941 payroll tax liabilities against Personnel Connection, Inc., for the first quarter of 1997. (Request for Judicial Notice, Attachment 1, pp. 1 and 2.)

4. On July 29, 1997, the Internal Revenue Service assessed a Form 941 payroll tax liability against Personnel Connection, Inc., for the second quarter of 1997. (Request for Judicial Notice, Attachment 2, p. 1.)

5. On November 14, 1997, and April 13, 1998, the Internal Revenue Service assessed Form 941 payroll tax liabilities against Personnel Connection, Inc., for the third quarter of 1997. (Request for Judicial Notice, Attachment 3, pp. 1 and 3.)

6. On March 16, 1998, the Internal Revenue Service assessed a Form 941 payroll tax liability against Personnel Connection, Inc., for the fourth quarter of 1997. (Request for Judicial Notice, Attachment 4, p. 1.)

7. The payroll tax assessments against the plaintiff for each of the four quarterly periods in 1997 were made by the IRS pursuant to payroll tax returns and monthly payroll tax reports submitted to the IRS by the taxpayer. (Complaint and Answer, ¶ 5; Declaration of Thomas Tang, Exhibits A through H; and Request for Judicial Notice, Attachments 1, 2, 3, and 4.)

8. On April 3, 2000, plaintiff Synergy Staffing, Inc., fka Personnel Connection, Inc., filed a lawsuit in this Court, case no. SA CV 00–321–AHS, seeking a refund of federal payroll taxes paid by plaintiff for various tax periods, including the first, second, and third quarters of 1997. (Request for Judicial Notice, Attachment 5.)

9. In the instant case the plaintiff has not presented any competent admissible evidence to establish the amounts of plaintiff's correct Form 941 payroll tax liabilities for any of the four quarters of 1997. (Entire record.)

10. Any conclusion of law deemed more appropriately designated as an uncontroverted fact is incorporated here as an uncontroverted fact.

### CONCLUSIONS OF LAW

1. The IRS certificates of assessments and payments are *prima facie* evidence of the plaintiff's Form 941 payroll

tax liabilities for the four quarters of 1997. The certified records submitted by the government demonstrates that the IRS has made the tax assessments. The assessments are presumed to be correct, and the taxpayer bears the burden of showing that the assessments are arbitrary or erroneous. *Welch v. Helvering*, 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212; *United States v. Chila*, 871 F.2d 1015, 1018 (11th Cir.1989), *cert. denied*, 493 U.S. 975, 110 S.Ct. 498, 107 L.Ed.2d 501 (1989). *See also Kappas v. United States*, 578 F.Supp. 1435, 1439 (C.D. Cal.1983); *United States v. Molitor*, 337 F.2d 917, 922 (9th Cir. 1964); *United States v. Rexach*, 482 F.2d 10, 15–17 (1st Cir.1973), *cert. denied*, 414 U.S. 1039, 94 S.Ct. 540, 38 L.Ed.2d 330 (1973).

2. In a tax refund case the burden is on the taxpayer to show that its correct tax liability is less than the amount paid for the particular tax period, and that the taxpayer has therefore overpaid its tax. In order to establish a right to a refund the taxpayer must prove that its *correct* liability for the tax period is less than the amount the taxpayer has paid. "This involves a redetermination of the entire tax liability." *Lewis v. Reynolds*, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293 (1932).

3. Plaintiff has not produced any competent admissible evidence showing that there is a material issue of fact as to whether it has overpaid its Form 941 payroll taxes in any amount for any quarterly tax period in 1997. As a matter of law, plaintiff therefore cannot prevail on its claim for a tax refund.

4. There are no disputed issues of material fact, and the United States is entitled to a judgment in its favor as a matter of law.

5. Any uncontroverted fact deemed more appropriately designated as a conclusion of law is incorporated here as a conclusion of law.

## MEMORANDUM ON ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### I.

### *PROCEDURAL BACKGROUND*

On August 16, 2002, defendant filed a motion for summary judgment and a request for judicial notice. On October 8, 2002, plaintiff filed opposition, its request for judicial notice, and the declarations of Andrew M. Rosenfeld, Mark Roseman, Joseph F. Purcell, and Joseph M. Purcell. On October 21, 2002, defendant filed a reply, along with evidentiary objections to the declarations and opposition to plaintiff's request for judicial notice. On November 8, 2002, the Court denied in part and continued to February 24, 2003, defendant's motion. The Court denied defendant's argument based on *res judicata* and collateral estoppel and otherwise continued the motion pending completion of discovery.

On January 24, 2003, plaintiff filed supplemental opposition and filed concurrently the supplemental declaration of Andrew M. Rosenfeld and declaration of Eli Blumenfeld. On February 10, 2003, defendant filed a reply to plaintiff's supplemental opposition. On February 3, 2003, plaintiff filed its motion for summary judgment and the declaration of Andrew M. Rosenfeld. On February 10, 2003, defendant filed its opposition, along with evidentiary objections to the declarations of Rosenfeld and Blumenfeld. On February 18, 2003, plaintiff filed a reply.

By Order dated February 26, 2003, the matter was taken under submission. By

this Order, the Court grants defendant's motion for summary judgment and denies plaintiff's motion.

## II.

### *DISCUSSION*

The parties present cross-motions on the question of whether plaintiff overpaid its taxes in 1997 and is entitled to a refund.[1] The more immediate issue is whether plaintiff has presented sufficient evidence to overcome the presumption that the taxes assessed were correct. After due consideration of the parties' submissions, the Court finds that plaintiff has not presented sufficient evidence to demonstrate the correct wages and tax assessment in 1997 and, therefore, insufficient proof to support a verdict in its favor. Plaintiff does not provide admissible evidence to overcome the presumption of correctness of the taxes assessed by the government in 1997. The Court therefore grants defendant's motion for summary judgment and denies plaintiff's motion for summary judgment.

### A. *Legal Standard*

Summary judgment is appropriate where "there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). It is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.; Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The moving party has the burden to show that

there is an absence of essential evidence to support the opposing party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554 (1986). "The adverse party's response ... must set forth specific facts showing that there is a genuine issue of fact for trial." Fed.R.Civ.P. 56(e).

### B. *Applicable Tax Principles*

A tax assessment levied and paid is presumed correct. The party claiming an error must affirmatively produce evidence demonstrating that the assessment was incorrect and that its alternative is correct. *Welch v. Helvering*, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212 (1933), *United States v. Molitor*, 337 F.2d 917, 922 (9th Cir. 1964).

Plaintiff filed with the Internal Revenue Service (IRS) four Employer's Quarterly Federal Tax Returns, Form 941, for 1997. Defendant has provided copies of the 941 forms for the first three quarters of 1997; neither party has been able to produce the 941 form for the fourth quarter of 1997. Plaintiff paid taxes based upon the figures in those forms.

On July 25, 2000, and October 23, 2000, plaintiff received notices from the IRS noting a discrepancy between wages reported on the 1997 Forms 941 and those wages reflected in the W–2 forms filed by plaintiff. There was a $7,020,960 discrepancy, with the Forms 941 stating that plaintiff had paid a higher amount of wages than was reflected in the W–2 forms. The higher wages in the Forms 941 would result in an overstatement of the tax liability, which plaintiff estimates as 15.3%, or $1,074,206. This is the refund that plaintiff now seeks.

Plaintiff argues that the wage overstatement resulting in the overpayment is a

---

1. While these motions have been pending, the Court of Appeals for the Ninth Circuit, on March 24, 2003, issued its ruling in the related case, CV 00–321. Because the earlier

judgment was reversed in part, there appears no reason to address the government's arguments concerning *res judicata*.

consequence of a statement of wages, in the amount of $14,361,585, reported in defendant's Form 941 for the fourth quarter of 1997, which overstate the wages alleged to have been paid actually by $7,020,960. Neither party has been able to find or produce the Form 941 for the fourth quarter of 1997. Even in the absence of the form, however, the IRS agrees that the Form 941 for the fourth quarter of 1997 states wages in the amount of $14,361,585. However, defendant contends that there is no proof of overpaid wages. Plaintiff does not present ledgers or independent factual evidence of the proper amount of wages for the fourth quarter of 1997. Rather, plaintiff relies on the IRS's W–2 transcripts, the W–2s maintained by the Social Security Administration, the 1997 and 1998 U.S. Corporation Income Tax Returns (forms 1120), tax schedules produced by the IRS, and an expert's analysis thereof.

■ Plaintiff has failed to prove that it is entitled to a refund as a matter of law or to demonstrate a genuine issue as to whether the taxes assessed by the defendant in 1997 were incorrect. Plaintiff does not provide admissible evidence sustaining its burden of proof to demonstrate the correct assessment and overcome the presumption in defendant's favor. Plaintiff's experts and interpretation of the evidence merely reiterate that a discrepancy exists between the various statements of wages; they do not demonstrate the proper assessment.

Plaintiff relies on the declaration of its expert witness Eli Blumenfeld to calculate the proper tax assessment in 1997. Expert Blumenfeld concludes that, based on his interpretation of the IRS reports of the Forms 941 for 1997, the pertinent W–2 forms, and the Forms 1120, plaintiff overstated its wages in the fourth quarter of 1997. While the Blumenfeld interpretation *may* be correct, it fails to sustain

plaintiff's burden or create a genuine issue for trial for two reasons: first, it is an interpretation of the given evidence, not evidence that the plaintiff's alternative is correct; second, it relies on a circular use of the evidence.

First, plaintiff has not offered evidence of a correct 1997 tax assessment. Plaintiff provides only part of the same documentation that was before the IRS when it made its assessment. Importantly, this evidence does not include independent verification of the wages paid by defendant during the relevant period. Rather, plaintiff presents the IRS's own reports on the Forms 941 from 1997, the Forms 1120 from 1997 and 1998, and relevant W–2 forms. This is the same information that the IRS had before it in making its tax assessment. Notwithstanding the dearth of independent verification, plaintiff argues that the wages reported in the Forms 1120 and W–2 forms, as opposed to the Forms 941, were correct. Those reported wages are not verified by any records, ledgers, or other independent source. Rather, plaintiff asserts that the lower wages, which would entitle it to a refund, are the only logical wages.

Plaintiff argues that the wages reported in the fourth quarter, 1997 Form 941 were $14,361,858. Defendant does not dispute the content of the missing form, although it does dispute the evidentiary support for this fact and the conclusions that can be drawn therefrom. A comparison of this wages figure to the wages figure from the three quarters preceding the fourth does show that the plaintiff did report wages approximately $7 million greater in the fourth quarter than the three earlier quarters. Plaintiff argues that this disparity demonstrates that the fourth quarter wage amount is an over-reporting. Furthermore, plaintiff asserts that the gross income earned during the fourth quarter was commensurate with that in other quar-

ters. Plaintiff argues that, as a temporary staffing agency, common sense would dictate that higher wages paid would correlate to higher gross income.

Plaintiff's conclusions do not demonstrate that the amount of wages reported in the fourth quarter of 1997 was an overstatement for the two reasons. One, there are alternative explanations for swings in wages paid; it is entirely possible that a temporary staffing agency paid more wages in one quarter than another. A disparity of wages reported between quarters does not show that the disparate wage is incorrect or an alternative number is correct. Differing quarterly wages may, for example, indicate a seasonal flux in part-time or temporary employment. Second, plaintiff's correlation of gross-income to wages is conclusory and does not require the ultimate conclusion for which plaintiff argues. There is no evidence that the amount of wages paid by the plaintiff must correspond to the gross income. Indeed, a host of equally speculative possibilities undermine plaintiff's "common sense" conclusion. A discrepancy between wages and gross income may result from deferred payments by "buyers" of plaintiff's services, non-payment by buyers, failure to collect on accounts, or misstatement of gross income. Defendant's counsel offers other possibilities. Suffice it to say, plaintiff's "common-sense" conclusion that the fourth quarter wages are over-reported does not demonstrate over-reporting.

Second, plaintiff employs a circular application of the evidence to support its conclusions. The defendant argues that the evidence upon which plaintiff relies is multiple hearsay. Plaintiff uses the IRS schedules which summarize the Forms 941. First, the Forms 941 are merely statements by plaintiff that the numbers are correct. Furthermore, the schedules relied upon by plaintiff and plaintiff's ex-pert Blumenfeld are IRS restatements of the Forms 941. The schedules and forms themselves do not otherwise disclose indicia of reliability to support the conclusion that the numbers therein are correct. The hearsay challenge is not well-taken in the sense that virtually all tax records constitute hearsay at some level. More persuasive is the observation that these records do not carry the burden that plaintiff must meet in the context of the dispute between these parties.

In addition, plaintiff's interpretation of the schedules and Forms 941 and 1120 goes in a circle, starting and ending with plaintiff. All of the numbers reported and used by the IRS in assessing the taxes and used by plaintiff to assert its case are numbers reported by plaintiff. The wages reported in its W–2 forms are its calculation of wages paid; the wages reported in the Forms 941 are its calculation of the wages paid; the wages reported in the Forms 1120 are its calculation of the wages paid. Using one set of wages to rebut the other is essentially a contradiction. At best, it demonstrates an error or discrepancy, but it does not, absent other *evidence*, demonstrate that one reported figure is accurate while another is not.

The IRS may reasonably expect competent evidence from the taxpayer to resolve a discrepancy. The IRS is charged with assessing taxes based on the self-reporting of the tax-payer; it assesses taxes based on the information reported by the payer. When there is a conflict between the figures reported by the tax-payer, the IRS does not have immediate and independent information to allow a selection of one figure over another; the tax-payer must resolve the discrepancy. To do so, the tax-payer must go beyond the mere discrepancy created by its own reported figures; it must provide evidence supporting

one or the other. Here, as the IRS argues, plaintiff has merely endorsed one figure over another. In essence, plaintiff uses its self-reported numbers to state that its self-reported numbers are inaccurate without further evidentiary support.

Even if the Court assumes that plaintiff has over-reported its wages by the sum asserted, plaintiff still has not demonstrated the appropriate tax assessment. Plaintiff, relying on the declaration of Andrew Rosenfeld, concludes that taxes were assessed at 15.3%, and thus claims entitlement to 15.3% of the overpayment. However, plaintiff has not shown that the 15.3% rate is correct. Plaintiff's declarant Rosenfeld merely requests judicial notice of a tax rate of 15.3% on Form 941 wages. Assuming that it is appropriate to take judicial notice of the rate based on the 1997 Form 941, the government correctly points out that the percentage rate is not the only factor considered in calculating the correct payroll tax. While defendant argues that it is the correct rate for the refund it is seeking, the failure to clearly demonstrate the correct rate and considerations means that plaintiff has not shown the correct tax assessment based on the Form 941 for the fourth quarter of 1997.

While plaintiff argues a possibility that it is entitled to a refund, it has not met its burden for succeeding on summary judgment or defeating defendant's motion. Plaintiff has not demonstrated that it is entitled to a refund, and it has failed to present evidence of the correct amount of tax so as to overcome the presumption and create a genuine issue that defeats defendant's motion for summary judgment. Plaintiff has not provided evidence demonstrating what the proper wages and resulting tax assessment for the pertinent time period were; it has merely argued for a possible alternative. It has not shown evidence or the possibility that it can produce evidence sufficient to overcome the presumption that the tax assessment levied by the IRS is correct.

### III.

### *CONCLUSION*

Accordingly, and for the foregoing reasons, the Court grants defendant's motion for summary judgment and denies plaintiff's motion. The Court grants both parties' requests for judicial notice. Defendant's evidentiary objections are overruled.

The Court has modified the proposed Statement of Uncontroverted Facts and Conclusions of Law lodged by the defendant, and, as modified, adopts the Statement of Uncontroverted Facts and Conclusions of Law as correct. The Court orders placed in file, not used, the proposed Summary Judgment and proposed Separate Statement of Uncontroverted Facts and Legal Conclusions lodged by plaintiff. The Clerk shall enter Judgment for defendant.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum on Order on all counsel.

### *JUDGMENT*

The motion of the defendant, United States of America, for summary judgment in its favor came before the Court. Based on the complaint and answer filed by the parties, on the pleadings filed in connection with the motion, including the defendant's Request for Judicial Notice, and on all matters that are properly part of the record in this motion proceeding, and good cause appearing therefor

IT IS ORDERED, ADJUDGED, and DECREED that plaintiff take nothing by its complaint and claims for payroll tax

refunds for the four quarterly tax periods in 1997.